IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) Civ. No. 08-045-SLR |
| | ) |
| NEW CASTLE COUNTY POLICE DEPARTMENT and OFFICER BECKMAN, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 15th day of April, 2008, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons that follow:

1. **Background**. Plaintiff Harry Collins filed this civil rights action alleging defamation of character due to discrimination, apparently pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a

complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234.  Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

    5. **Discussion**.  The complaint alleges as follows:  On January 2, 2008, plaintiff complained to the New Castle County Police Department that his nephew was stealing from him and wanted his nephew to live somewhere else.  He asked the police to speak to his nephew.  After a telephone conversation among the police officer, plaintiff, plaintiff's mother, and the nephew, defendant Officer Beckman ("Beckman") was dispatched to plaintiff's home.[1]  Beckman spoke to all parties and proceeded to arrest plaintiff for harassment.  According to plaintiff, his psychological profile follows him and, whenever he has contact with law enforcement and his named is entered into a computer, he is arrested on the spot, "right or wrong."[2]  The complaint sues Beckman and the New Castle County Police Department for defamation and seeks to have the psychological profile removed from plaintiff's record, or other available options.  The

---

[1] Plaintiff resides in the home of his elderly mother.

[2] Plaintiff was taken to the New Castle County lockup, but was transferred to the hospital due to a heart condition.

complaint does not contain any other theories for recovery.[3]

6. **Defamation**. Plaintiff claims that defendants defamed him based upon a psychological profile contained in computer records. Claims of defamation are not cognizable under § 1983. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 332 (1986) (quoting Paul v. Davis, 424 U.S. 693, 701 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'" See also Hernandez v. Hunt, Civ. A. No. 89-4448, 1989 WL 66634 (E.D. Pa. Jun 16, 1989). The defamation claim is not cognizable under § 1983 and, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE

---

[3]Plaintiff references discrimination in his complaint, but the complaint does not suggest that plaintiff was treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.

4